# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

DIMITRITZA H. TOROMANOVA,

    Plaintiff,

v.

SUMMIT REAL ESTATE SERVICES, LLC, et al.,

    Defendants.

Case No. 2:17-cv-01747-KJD-VCF

**ORDER**

Presently before the Court is Defendants' Motion to Dismiss Complaint (#5) and Motion to Dismiss Amended Complaint (#13), to which all Defendants have joined (#28). Plaintiff filed a response (#16) to which Defendants replied (#19).

**I. Background**

On April 4, 2017, Plaintiff filed a lawsuit against Defendants in the District Court for Clark County, Nevada ("State Court"), Case No. A-17-753456-C ("State Case"). In that State Case, Plaintiff sought a "Writ of Mandate Without Notice," which the State Court interpreted to be her complaint. There, Plaintiff alleged a myriad of claims having to do with Defendants' foreclosure on her real property located at 4174 Jacqueline Way, Las Vegas, Nevada 89115 ("Jacqueline Property"). On July 7, 2017, the State Court granted Defendants' motion to dismiss Plaintiff's complaint, reasoning that Defendants had standing to foreclose, and that Plaintiff was not entitled to stop the

foreclosure as a remedy for an alleged violation of NRS 106.295(1), NRS 106.296, NRS 107.200, or NRS 107.210.

On June 26, 2017, Plaintiff filed the present complaint. While Plaintiff mentions many different statutes, her specific causes of action are unclear. Additionally, Plaintiff makes allegations of fraud, negligence, declaratory relief, and injunctive relief, all having to do with the same foreclosure she believes to be wrongful on her Jacqueline Property. Plaintiff also, for the first time, mentions her real property located at 10343 Ednor Court, Las Vegas, Nevada 89183 ("Ednor Property"). She does not state a specific sum of damages or relief that she seeks, but wants to prevent Defendants from taking any action toward her properties.

**II. Legal Standard**

The Court notes that Plaintiff is *pro se*, meaning that her submissions to the Court are "to be liberally construed, and . . . however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." However, liberal construction of *pro se* pleadings does not excuse *pro se* litigants from adhering to the rules of procedure. See U.S. v. Merrill, 746 F.2d 458, 465 (9th Cir. 1984). "Pro se litigants must follow the same rules of procedure that govern other litigants." King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987). And, "while the complaint must be liberally construed, a pro se's party status does not relieve the party of the burden of alleging sufficient facts on which a recognized legal claim could be based." Kerr v. Wanderer & Wanderer, 211 F.R.D. 625, 629 (D. Nev. 2002).

    A. Motion to Dismiss

In considering a motion to dismiss, "all well-pleaded allegations of material fact are taken as true and construed in a light most favorable to the non-moving party." Wyler Summit P'ship v. Turner Broadcasting System, Inc., 135 F.3d 657, 661 (9th Cir. 1988) (citation omitted). Consequently, there is a strong presumption against dismissing an action for failure to state a claim. See Gilligan v. Jamco Dev. Corp., 108 F.3d 246, 249 (9th Cir. 1998) (citation omitted).

"To survive a motion to dismiss, a complaint must contain factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiff has pleaded facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

The Iqbal evaluation illustrates a two-prong analysis. First, the Court identifies the "allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusions, bare assertions, or merely conclusory. Id. at 1949–51. Second, the Court considers the factual allegations "to determine if they plausibly suggest an entitlement to relief." Id. at 1951. If the allegations state plausible claims for relief, such claims survive the motion to dismiss. Id. at 1950.

B. Claim Preclusion

"Claim preclusion prevents the relitigation of claims previously tried and decided." Littlejohn v. U.S., 321 F.3d 915, 920–21 (9th Cir. 1984). "[A] federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." Migra v. Warrant City Sch. Dist. Bd. of Ed., 465 U.S. 75, 84 (1984). Under Nevada's claim preclusion rules, "[a] valid and final judgment on a claim precludes a second action on that claim or any part of it." Univ. of Nev. v. Tarkanian, 110 Nev. 581, 599 (Nev. 1994). "[C]laim preclusion embraces all grounds of recovery that were asserted in a suit, as well as those that could have been asserted." Id. at 600. For claim preclusion to apply, three factors must be present: "(1) the parties or their privies are the same, (2) the final judgment is valid, and (3) subsequent action is based on the same claims or any part of them that were or could have been brought in the first case." Five Star Capital Corp. v. Ruby, 124 Nev. 1048, 1054 (Nev. 2008).

//

//

**III. Analysis**

    A. Ednor Property

As an initial matter, the Court addresses Plaintiff's claims regarding the Ednor Property. In the beginning of her first amended complaint, Plaintiff mentions the Ednor Property alongside the Jacqueline Property, and refers to her "properties" at issue throughout the complaint. However, after this initial reference, Plaintiff makes no specific mention of the Ednor Property again. She does not allege specific facts about the Ednor Property, nor state any specific violations or causes of action, or actions attributable to Defendants and relating to that property. To survive a motion to dismiss, "factual allegations must be enough to raise a right to relieve above a speculative level," which Plaintiff has not done. Twombly, 550 U.S. at 550. Plaintiff has not met the required pleading standards set forth in Federal Rules of Civil Procedure 8(a) and 12(b)(6). As such, all claims in conjunction with the Ednor Property must be dismissed.

    B. Jacqueline Property

All of Plaintiff's claims having to do with the Jacqueline Property are barred by claim preclusion; all three claim preclusion requirements are met. First, the parties named in this action are identical to those in the State Case. Second, the State Court's dismissal of Plaintiff's State Case was a final, valid judgment that made specific findings of fact and conclusions of law, to which this Court must give preclusive effect. Third, in both the State Case and the present action, all of Plaintiff's claims stem from the same foreclosure action, and are attempts to prevent that foreclosure. All of these claims fall within the "grounds of recovery" asserted in the previous suit, or under the umbrella of grounds of recovery "that could have been asserted." Tarkanian, 110 Nev. at 600.

Plaintiff does not put forth any new facts or arguments not already asserted and adjudicated in the State Case, nor any claims that she could not have asserted alongside her other State Case claims. Thus, all of Plaintiff's variations of claims, both specifically asserted and those that could have been

asserted in her previous State Case, having to do with the Jacqueline Property, must be barred under the doctrine of claim preclusion and dismissed.

**IV. Conclusion**

Accordingly, IT IS HEREBY ORDERED Defendants' Motion to Dismiss Complaint (#5) is **GRANTED**;

IT IS FURTHER ORDERED that Defendants' Motion to Dismiss Amended Complaint (#13) is **GRANTED**.

DATED this 23rd day of March, 2018.

_____
Kent J. Dawson
United States District Judge